**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4573**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

RICHARD A. WELLBELOVED-STONE,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:17-cr-00014-NKM-1)

Submitted:  February 28, 2019                       Decided:  June 13, 2019

Before AGEE, Circuit Judge, TRAXLER and DUNCAN, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Interim Federal Public Defender, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Leslie Williams Fisher, Daniel N. Lerman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Nancy S. Healey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Richard Wellbeloved-Stone pled guilty, pursuant to a conditional guilty plea agreement, to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2012). In his plea agreement Wellbeloved-Stone reserved the right to appeal the district court's denial of his motion to dismiss the indictment and his motions to suppress evidence obtained pursuant to Immigration and Customs Enforcement ("ICE") summonses and during a search of his residence. We affirm.

Wellbeloved-Stone contends that the district court should have dismissed the indictment against him because application of the federal child pornography statutes[*] to him exceeded Congress' power under U.S. Const. art. I, § 8 ("the Commerce Clause"). "We review a district court's legal conclusions with respect to a motion to dismiss the indictment de novo." *United States v. Kaixiang Zhu*, 854 F.3d 247, 253 (4th Cir. 2017).

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . [commits a federal offense] if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2251(a). Wellbeloved-Stone acknowledges our longstanding precedent upholding the constitutionality of the child pornography statutes as consistent with Congress' power under the Commerce Clause. *See Forest v. United States*, 429 F.3d 73, 78-79 (4th Cir. 2005). He argues, however, that, after the Supreme Court's decision in

---

[*] In addition to production of child pornography in violation of 18 U.S.C. § 2251(a), the indictment also charged Wellbeloved-Stone with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (2012).

*National Federation of Independent Businesses v. Sebelius* ("*NFIB*"), 567 U.S. 519 (2012), the movement in interstate or foreign commerce of the device used to produce or transmit the offending visual depiction is no longer a sufficient basis for jurisdiction under the Commerce Clause. However, we recently affirmed that "Congress has the authority to criminalize the intrastate receipt of child pornography based on the movement of a computer in interstate commerce," *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir.), *cert. denied*, 139 S. Ct. 130 (2018), and Wellbeloved-Stone cites no authority for the proposition that *NFIB* altered the constitutional status of the child pornography statutes. The district court therefore correctly denied the motion to dismiss the indictment.

Wellbeloved-Stone sought to suppress the evidence against him on the ground that ICE unlawfully used summonses—obtained pursuant to 19 U.S.C. § 1509 (2012)—to obtain his Internet Protocol ("IP") address and internet and email subscriber information. "In considering the district court's suppression decision, we review legal determinations de novo and the court's underlying factual findings for clear error." *United States v. Thomas*, 908 F.3d 68, 72 (4th Cir. 2018). We need not address whether the summonses were valid because, even if they were invalid, Wellbeloved-Stone had no reasonable expectation of privacy in his IP address or subscriber information, and Congress did not provide a statutory suppression remedy for information obtained in violation of § 1509.

"The Fourth Amendment protects against unreasonable searches and seizures. A government agent's search is unreasonable when it infringes on an expectation of privacy that society is prepared to consider reasonable." *United States v. Castellanos*, 716 F.3d

3

828, 832 (4th Cir. 2013) (citation and internal quotation marks omitted).  We held in *United States v. Bynum*, 604 F.3d 161 (4th Cir. 2010), that a defendant does not have a subjective expectation of privacy in his internet and phone subscriber information because by "voluntarily convey[ing] all this information to his internet and phone companies . . . , [a defendant] 'assume[s] the risk that th[os]e compan[ies] would reveal [that information] to police,'" *id.* at 164 (quoting *Smith v. Maryland*, 442 U.S. 735, 744 (1979)).  Wellbeloved-Stone contends that he had a reasonable expectation of privacy in his IP address and subscriber information after *Carpenter v. United States*, 138 S. Ct. 2206 (2018), in which the Supreme Court held that "[g]iven the unique nature of cell phone location information, the fact that the Government obtained the information from a third party does not overcome [defendant's] claim to Fourth Amendment protection," *id.* at 2220.  The Court explicitly emphasized the narrow scope of its holding, *id.*, and Wellbeloved-Stone cites no post-*Carpenter* authority extending *Carpenter*'s rationale to IP addresses or subscriber information.  Accordingly, under *Bynum*, Wellbeloved-Stone had no reasonable expectation of privacy in his subscriber information, and the Government did not perform a Fourth Amendment search by obtaining that information.

Wellbeloved-Stone also asserts that the district court should have suppressed the information obtained pursuant to the § 1509 summonses because suppression is the only way to deter improper use of such summonses.  However, "there is no exclusionary rule generally applicable to statutory violations.  In the statutory context, suppression is a creature of the statute, and its availability depends on the statutory text." *United States v. Clenney*, 631 F.3d 658, 667 (4th Cir. 2011) (citation and internal quotation marks

4

omitted).  Because Wellbeloved-Stone points to no such exclusionary remedy in § 1509, he would not be entitled to suppression even if the summonses were invalid.  The district court thus correctly denied his motion to suppress.

Wellbeloved-Stone also sought to suppress the evidence obtained during a search of his home on the ground that the warrant authorizing the search was not supported by probable cause.  The district court held that, even if the warrant was defective, the good-faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984), applied.

"The fact that a Fourth Amendment violation occurred . . . does not necessarily mean that the exclusionary rule applies."  *Herring v. United States*, 555 U.S. 135, 140 (2009).  "When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted in objectively reasonable reliance on the subsequently invalidated search warrant."  *Id.* at 142 (citing *Leon*, 468 U.S. at 922 (internal quotation marks omitted)).

> Typically, an officer's reliance on a [judge]'s decision to issue a warrant will be deemed objectively reasonable.  But as *Leon* makes clear, when a supporting affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, then an officer cannot be found to have reasonably relied on the resulting warrant, and suppression remains the appropriate remedy.

*Thomas*, 908 F.3d at 72 (citation and internal quotation marks omitted).

We have reviewed the warrant affidavit and agree with the district court that, even if the warrant was not supported by probable cause, the affidavit contained sufficient indicia of probable cause such that the officer's reliance on the warrant was objectively

5

reasonable.  Accordingly, the district court properly declined to apply the exclusionary rule to the fruits of the search, and it did not err in denying the motion to suppress.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*